```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
NORTH FORK PARTNERS INVESTMENT                                 :
HOLDINGS, LLC,                                                 :
                                                               :
                                                               :      20-cv-2444 (LJL)
                                Plaintiff,                     :
                -v-                                            :      OPINION & ORDER
                                                               :
W. CHRISTOPHER BRACKEN, WILLIAM                                :
HENEGAN, RICHARD SPENCER, CHRISTOPHER                          :
ERB, KENNETH F. ELIAS, and PATRIOT FINANCE,                    :
LLC,                                                           :
                                                               :
                                Defendants.                    :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/2020

LEWIS J. LIMAN, United States District Judge:

On March 20, 2020, Defendants Christopher Erb ("Erb") and Kenneth F. Elias ("Elias") removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1332. *See* Dkt. No. 1. The removed action, originally filed in Supreme Court of the State of New York, County of New York by Plaintiff North Fork Partners Investment Holdings, LLC ("North Fork" or "Plaintiff") alleged a fraud in connection with Plaintiff's loan to Defendant Patriot Finance, LLC ("Patriot LLC"). *See* Dkt. No. 1-1 ("Complaint" or "Compl."). Defendants Erb and Elias move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) for failure to allege personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to plead fraud with the specificity required by Fed. R. Civ. P. 9(b).

The Court granted the motion to dismiss for lack of personal jurisdiction by oral order on May 15, 2020, with an opinion to follow. This opinion sets forth the Court's reasoning with respect to the order dismissing the Complaint without prejudice to the filing of an amended complaint by June 15, 2020—30 days from the Court's oral order. In light of the disposition of

the Fed. R. Civ. P. 12(b)(2) motion, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied as moot.

## BACKGROUND

The Court takes the well-pleaded allegations of the Complaint as true for purposes of this motion.

The Complaint alleges a scheme to defraud in connection with a $650,000 mezzanine loan that Plaintiff made to Patriot LLC in August 2018. Compl. ¶¶ 12-13. Through this loan, Plaintiff became a secured creditor of Patriot LLC and a subordinated lender to non-party Congressional Bank, which had previously extended a senior loan to Patriot LLC. Compl. ¶ 13. The Complaint names as Defendants Patriot LLC, its former Chief Executive Officer W. Christopher Bracken ("Bracken") and two directors of Patriot LLC, William Henegan ("Henegan") and Richard Spencer ("Spencer"). Compl. ¶¶ 36-38. It also names Defendants Erb and Elias who are corporate officers of Congressional Bank. Compl. ¶¶ 5, 39-40.

Plaintiff alleges that it was induced to make the loan by a false representation and omission in March 2018 by Erb and Elias as to the health of Patriot LLC and its principal asset, a portfolio of consumer loans. Compl. ¶¶ 5-8. At the time of the loan, Erb and Elias were aware that Patriot LLC was in financial trouble and experiencing difficulties meeting the obligations of its loan from Congressional Bank; absent additional funding, Patriot LLC would go into default. Compl. ¶¶ 8, 20. Plaintiff further alleges that Erb and Elias were aware that Patriot LLC and Bracken were providing fraudulent reports regarding Patriot LLC's financial health and the number of consumer loan debtors in default to Patriot LLC after Plaintiff made the loan. Compl. ¶¶ 18, 21, 67. Erb and Elias allegedly concealed this information because they were concerned about their own professional repercussions from the failure of the Patriot LLC loan, wanted to protect their friend Defendant Bracken, and knew that further financing from Plaintiff might save

Patriot LLC.  Compl. ¶ 22.  Erb and Elias thus engaged in fraud and induced Plaintiff to enter into the mezzanine loan in order to extend and further perpetuate the allegedly fraudulent scheme after the loan was issued.  Compl. ¶ 32.

The documents for the mezzanine loan contain a provision by which the borrower and the lender consent to the application of New York law and the jurisdiction of any state or federal court in New York County.  Compl. ¶¶ 1-2.  However, neither Congressional Bank nor any of its officers (including Erb and Elias) are party to any agreement with Plaintiff.

Plaintiff alleges claims for fraud against Erb and Elias, Compl. ¶¶ 116-22, fraud and fraudulent transfer against Bracken, Henegan, and Spencer, Compl. ¶¶ 102-15, 123-29, and breach of contract against Patriot LLC, Compl. ¶¶ 130-35.

## DISCUSSION

"A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question" and must dismiss the action against any defendant over whom it lacks personal jurisdiction.  *Lugones v. Pete & Gerry's Organic, LLC*, 2020 WL 871521, at *2 (S.D.N.Y. Feb. 21, 2020) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)); *see* Fed. R. Civ. P. 12(b)(2).

 "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'"  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  If an evidentiary hearing is not held, plaintiff need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists.  *Id.* at 85.  In contrast,

when an evidentiary hearing is held, the plaintiff must demonstrate the court's personal jurisdiction over the defendant by a preponderance of the evidence.  *Id.*; *see also Metro. Life Ins. Co.*, 84 F.3d at 567.

This prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Dorchester Fin. Sec.*, 722 F.2d at 85.  While the Court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs," *id.*, the Court "will not draw argumentative inferences in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation," *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013).

To determine whether the exercise of personal jurisdiction is proper in a diversity case, the Court must conduct a two-part inquiry: first, the Court looks at whether there is a basis for personal jurisdiction under the laws of the forum state, and second, the Court must examine whether the exercise of personal jurisdiction comports with constitutional due process.  *See Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).

It is not in dispute that Defendants Erb and Elias are not subject to general personal jurisdiction under N.Y. C.P.L.R. § 301.  The affidavits submitted by Erb and Elias state that neither owns property in New York, maintains a bank account in New York, has an office in New York, employs individuals in New York, has an agent for service of process in New York, has a New York telephone number, or solicits business in New York in their individual capacities.  *See* Dkt. No. 6 at 7; Dkt. No. 5, Exs. B-C.  Nor does Plaintiff contest these facts.

 Instead, Plaintiff seeks to establish personal jurisdiction over Erb and Elias through New York's long-arm statute, N.Y. C.P.L.R. § 302(a).  That statute provides that "a court may

exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent":

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

Two provisions of that statute are relevant: N.Y. C.P.L.R. §§ 302(a)(1) and 302(a)(3). To establish jurisdiction under N.Y. C.P.L.R. § 302(a)(1), Plaintiff must allege that a defendant has "transacted business" in New York and the claim asserted arises from that business activity. *Eades v. Kennedy PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015); *Licci*, 732 F.3d at 168.

To establish jurisdiction under N.Y. C.P.L.R. § 302(a)(3), Plaintiff must allege that "(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 946 N.E.2d 159, 162 (2011).

The Complaint fails to properly allege personal jurisdiction over Defendants Erb or Elias through either provision. With respect to Section 302(a)(1), there are no well-pled allegations that either Defendant transacted business in New York or that the cause of action arose in New York. With respect to Section 302(a)(3), even assuming an injury in New York—which is not

5

alleged in the Complaint—the Complaint is devoid of any allegation that either Defendant regularly does business in New York, expected their acts to have consequences in New York, or that either Defendant derives substantial revenue from interstate or international commerce.

Indeed, the single allegation in the Complaint that references New York and that Plaintiff makes to support personal jurisdiction over Defendants Erb and Elias is the conclusory statement that "[a]ll the acts leading to the causes of action occurred in New York, either by electronic communication or actual conduct by the Plaintiff's representatives and Defendants." Compl. ¶ 4. It is well-established that conclusory allegations cannot ground a claim for personal jurisdiction.

Only in its brief opposing the motion to dismiss does Plaintiff for the first time make reference to certain New York contacts and an unspecified "injury to [Plaintiff's] funds in New York." Dkt. No. 12 at 5. Yet these allegations remain vague and, "[a]s a factual matter, beyond [Plaintiff's] argument in the opposition, Plaintiff has not offered any facts, by affidavit or otherwise, to support this speculative contention" as to personal jurisdiction. *DeLorenzo v. Ricketts & Assocs., Ltd.*, 2017 WL 4277177, at *9 (S.D.N.Y. Sept. 25, 2017), *aff'd sub nom. DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6 (2d Cir. 2018). And neither the Complaint nor the opposition brief provides sufficient information about other interactions with Erb and Elias to conclude whether these interactions involved New York or are intended to (and do in fact) support a finding of personal jurisdiction. *See* Compl. ¶¶ 62, 64, 73-74, 90.

## CONCLUSION

The motion by Defendants Elias and Erb to dismiss the Complaint for lack of personal jurisdiction is GRANTED. The Complaint against them is dismissed without prejudice to Plaintiff filing an amended complaint by June 15, 2020. The motion to dismiss for failure to state a claim is DENIED AS MOOT.

The Clerk of Court is respectfully directed to close Dkt. No. 4.

SO ORDERED.

Dated: May 18, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge